UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

ZEN ALLDREDGE,

Defendant.

**FINAL ORDER OF FORFEITURE**

23 Cr. 537 (JPC)

WHEREAS, on or about April 11, 2024, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 21), which ordered the forfeiture to the United States of all right, title and interest of ZEN ALLDREDGE (the "Defendant") in the following property:

a. Approximately $203,511.22 in United States currency formerly on deposit in a Greater Nevada Credit Union account with an account number ending in 0929, held in the name of Mammoth Equity and Investment, seized by the Government on or about July 1, 2021 (the "Seized Currency");

b. Approximately $240,000.00 in United States currency previously held in safety deposit box number 4203 maintained at U.S. Private Vaults, Inc., in Beverly Hills, California;

c. The real property commonly described as 1669 Lombardy Road, Minden, Nevada 89423, and more particularly described as LOT 1 IN BLOCK A as shown on final subdivision map pd #02-003 for aurora, a planned development filed for record with the Douglas County recorder September 8, 2023, in book 903, at page 3029, as document no. 589081, official records of Douglas County, Nevada, and by Certificate of Amendment recorded September 10, 2003, in book 903, at page 4697, as document no. 589483, official records of Douglas County, Nevada;

d. The real property commonly described as 1011 Siena Park Blvd. E, Celebration, Florida 34747, and more particularly described as Condominium Unit No. 18-1011, of Siena at Celebration Condominium B, a Condominium according to the Declaration of Condominium thereof, as recorded in Official Records Book 2695, Page 2083, and any amendments thereto, of the Public Records of Osceola County, Florida, together with an undivided chare in the common elements appurtenant thereto; Tax ID: 18-25-28-4992-0018-1011;

e. The real property commonly described as 102 S Armory Road, Hawthorne, Nevada 89415, and more particularly described as all that certain real property situate in the County of Mineral, State of Nevada, described as follows: That portion of the Northeast Quarter (NE1/4) of the Northeast Quarter (NE1/4) of Section 33, Township 8 North, Range 30 East, Mount Diablo Meridian, described as follows: Parcel 2 of that certain Parcel Map recorded July 22, 2008 in the Office of the County Recorder of Mineral County, Nevada as File No. 146543, and 146544 Mineral County, Nevada Records; Tax ID: 006-660-04;

f. The real property commonly described as 104 S Armory Road, Hawthorne, Nevada 89415, and more particularly described as all that certain real property situate in the County of Mineral, State of Nevada, described as follows: That portion of the Northeast Quarter (NE1/4) of the Northeast Quarter (NE1/4) of Section 33, Township 8 North, Range 30 East, Mount Diablo Meridian, described as follows: Parcel 3 of that certain Parcel Map recorded July 22, 2008 in the Office of the County Recorder of Mineral County, Nevada as File No. 146543, and 146544 Mineral County, Nevada Records; Tax ID: 006-660-05; and

g. The real property commonly described as 106 S Armory Road, Hawthorne, Nevada 89415, and more particularly described as all that certain real property situate in the County of Mineral, State of Nevada, described as follows: That portion of the Northeast Quarter (NE1/4) of the Northeast Quarter (NE1/4) of Section 33, Township 8 North, Range 30 East, Mount Diablo Meridian, described as follows: Parcel 4-A of that certain Parcel Map recorded July 22, 2008 in the Office of the County Recorder of Mineral County, Nevada as File No. 146543, and 146544 Mineral County, Nevada Records; Tax ID: 006-660-07

(a. through g., collectively, the "Specific Property"); (b. through g., collectively, the "Seized Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written

notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Seized Property was posted on an official government internet site (www.forfeiture.gov) beginning on September 7, 2024 for thirty (30) consecutive days, through October 6, 2024 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Seized Currency was posted on an official government internet site (www.forfeiture.gov) beginning on March 24, 2026 for thirty (30) consecutive days, through April 22, 2026 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court;

2. WHEREAS, on or about December 2, 2025, the Notice of the Preliminary Order of Forfeiture was sent by Certified Mail, return receipt requested, to the following:

Diana Alldredge
Celebration, Florida

Diana Alldredge
Reno, Nevada

Diana Alldredge

Moorpark, California

Dennis Harrington
Celebration, Florida

(collectively, the "Noticed Parties");

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant and the Noticed Parties are the only individuals and/or entities known by the Government to have a potential interest the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest, including the Noticed Parties' interests, in the Specific Property, including interest accrued thereto, is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Customs and Border Protection (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
July 16, 2026

SO ORDERED:

HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE